UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAL D. HICKS,

    Plaintiff,

    v.

MIDWEST TRANSPORT, INC., d/b/a/
MIDWEST TRANSPORT OF ILLINOIS,

    Defendant.

Case No. 07-cv-854-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Dismiss Complaint or Stay Proceedings (Doc. 13) filed by Defendant Midwest Transport, Inc., d/b/a/ Midwest Transport of Illinois. Plaintiff Hal D. Hicks has not responded to the Motion. The time for filing has passed. For the following reasons, the Court GRANTS the Motion and STAYS the action.

## BACKGROUND

Since the mid-1970's Plaintiff Hal D. Hicks (Hicks) has operated United States Postal Service (USPS) highway mail contracts in his personal name and under the name Hal D. Hicks Mail Transportation. Additionally, in 1980, Hicks formed a corporation, Midwest Transit, Inc. (Midwest), which also operated USPS highway mail contracts. In 1990, Hicks was awarded a permanent highway mail contract number 14024 (the Buffalo Route Contract). On July 25, 2001, as part of a shareholder derivative suit against Hicks brought in Illinois state court, Midwest was ordered into receivership. In 2002, the Illinois court ordered the receiver to sell the working assets of Midwest. Defendant Midwest Transport, Inc. (MTI) offered to purchase the working assets of Midwest. In order to effectuate the sale, Midwest, MTI and USPS had to novate Midwest's highway mail contracts into MTI's name. Midwest, MTI and USPS purported to

novate the Buffalo Route Contract into MTI's name. However, Hicks asserts that the Buffalo Route Contract belonged to him personally or to him d/b/a/ Hal D. Hicks Mail Transportation, not to Midwest. Therefore, Hicks contends, the novation of the Buffalo Route Contract was wrongful.

In 2005, Hicks brought an action in the United States Court of Federal Claims against USPS for breach of contract, asserting that USPS had wrongfully novated the Buffalo Service Contract. In January 2007, the Court of Federal Claims granted Defendant MTI leave to intervene in the case. In December 2007, Hicks filed suit against MTI in this Court alleging that MTI had converted the Buffalo Route Contract via the wrongful novation. Discovery has closed in the Court of Federal Claims case, and a summary judgment motion is pending before that court. MTI now moves the Court to stay or dismiss the instant action in favor of the earlier filed action proceeding in the Court of Federal Claims.

## ANALYSIS

A federal district court may dismiss a suit that is duplicative of a suit already pending in another federal court. *Serlin v. Arthur Anderson & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)*; see also, Colorado River Conser. Dist. v. U. S.*, 424 U.S. 800, 817 (1976) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)). In deciding whether to abstain, the Court's goal should be "wise judicial administration." *Kerotest*, 342 U.S. at 183. The Court should "give[] regard to conservation of judicial resources and comprehensive disposition of litigation. . . ." and seek to avoid repetitive, unnecessary litigation. *Id.* When duplicative claims are pending in multiple federal forums, the later filed actions generally give way to the first filed. *Warshawsky & Co. V. Arcata Nat. Corp.*, 552 F.2d 1257 1265 (7th Cir.1977).

Here, there are two pending federal cases involving the same parties, the same issues, and prayers for the same relief. In each case, the central issue is the propriety of the novation of the Buffalo Route Contract. In each case, Hicks asks for a determination that he is the rightful owner of the Buffalo Route Contract. In each case, Hicks requests compensation for the loss of the Buffalo Route Contract resulting from the wrongful novation, and the return of the Buffalo Route Contract to him. Hicks is the plaintiff in both cases and MTI is a defendant in both cases. Therefore, the Court finds that the actions are duplicative of one another. As the case in the Court of Federal Claims was filed first and is much further toward resolution than the case pending in this Court, the Court will abstain from proceeding with this case in favor of the case pending in the Court of Federal Claims. Generally, a court should stay, rather than dismiss, the later filed action, "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.,* 203 F.3d 442, 444 (7th Cir.2000). Accordingly, the Court will stay this action pending the final judgment of the Court of Federal Claims in the parallel case.

## CONCLUSION

The Court GRANTS Defendant's Motion (Doc. 13) and STAYS further proceedings in this Court pending the entry of final judgment in case number 05-1058C in the United States Court of Federal Claims.


**IT IS SO ORDERED.**
**DATED: April 14, 2008**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**